UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-CV-80855-ROSENBERG/REINHART

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF BRIZO, LLC, as Owner of the
M/V HONEY 2007 163' TWIN ENGINE
YACHT (ON 739735), IN A CAUSE OF
EXONERATION FROM OR
LIMITATION OF LIABILITY,

    Petitioner.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## CLAIMANTS' MOTION TO STAY ACTION

This cause comes before the Court on the Motion to Stay filed by Claimant Urieli Ramirez Carbajal and Claimant Rosalia Gorgonio Ixba, both as personal representatives of the estate of Luis A. Gorgonio Ixba. The Motion has been fully briefed.

1. Petitioner, a vessel owner, instituted this limitation of liability action pursuant to 46 U.S.C. §§ 30501, *et seq.*

2. Petitioner seeks to limit its liability in connection with an incident involving a scuba diver cleaning the hull of a vessel. DE 1.

3. Subsequent to Petitioner's filing of the instant suit, five claimants filed claims.

4. The Movants who filed the Motion to Stay before the Court, two Claimants, seek to stay this action so that they may proceed with a state court lawsuit against Petitioner.

5. Such a stay is permitted in an admiralty limitation of liability action when there is only a single claimant. *Beiswenger Enters. Corp. v. Carlette*, 86 F.3d 1032, 1037 (11th Cir. 1996). Such a stay is permissible because, when there is only a single claimant, a

petitioner's exclusive right to adjudication in federal court on the petitioner's limitation of liability is preserved by the filing of an appropriate stipulation—by the claimant—that preserves the petitioner's right to adjudication in federal court. *See id.*

6. In cases where there are more than one claimant, courts permit a stay when the multi-claimant case is "the functional equivalent of a single-claimant case through appropriate stipulations, including stipulations that set the priority in which multiple claims will be paid from the limitation fund." *Id.* at 1038.

7. In the instant case, there are five claimants: Urieli Carbajal, Rosalina Ixba, Old Port Cove Holdings, Inc., Eastern Marine Services, Inc., and Zachary Staggs. Eastern Marine and Zachary Staggs oppose the Motion to Stay before the Court.[1]

8. The mere fact that all of the claimants do not agree to the Motion to Stay means that the Motion is due to be denied. *See, e.g.*, *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (5th Cir. 1960) (reversing district court's modification of injunction order allowing two of four claimants to pursue state court claims, explaining that the stipulations were inadequate because only two out of the four claimants joined them).[2]

9. In addition to the fact that the Motion is opposed by some of the claimants in this case, there is an additional reason for the Motion to be denied. Some of the claimants in this case have claimed an entitlement to attorney's fees. DE 25, 35. In situations such as these, courts have reasoned that such claimants could (even if the underlying claims were legally

---

[1] It is unclear whether Old Port Cove opposes the instant Motion.
[2] Although in some cases courts have permitted a subset of claimants to stay a limitation of liability case, such stays were in the context of other *potential* claimants, not *actual* claimants that have appeared in the limitation of liability action. *See, e.g.*, *In re Lyon Shipyward, Inc.*, 91 F. Supp. 3d 832, 840 (E.D. Va. 2015).

indistinct) recover more from the vessel owner than the limitation fund. Thus, courts such as the Sixth Circuit Court have held:

> The [claim for attorneys' fees and costs presents a] multiple claims-inadequate situation. The attorneys' fees claim is separate from any claims for liability and presents the possibility of different and inconsistent judgments against [petitioner] in excess of the limitation fund. . . . Allowing [some claimants] to proceed with their separate state court action, therefore, would be inconsistent with the purpose of the Limitation Act.

*S&E Shipping Corp. v. Chesapeak & O.R. Co.*, 678 F.2d 645, 645-46 (1982).

For all of the foregoing reasons, the Motion to Stay is denied, however, because Claimants should have the opportunity to reach a mutual agreement to stay, the Motion is denied without prejudice.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of February, 2019.

/s/ Robin L. Rosenberg
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record