UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80855-ROSENBERG/REINHART

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF BRIZO, LLC, AS
OWNER OF THE *M/V HONEY,* 2007 163
FOOT TWIN ENGINE YACHT (ON 739735),
IN A CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY,

    Petitioner,
_____/

**OMNIBUS ORDER GRANTING ALL
PENDING MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on three Motions for Summary Judgment. DE 128, 140, and 144. The Motions are fully briefed. For the reasons set forth below, each of the Motions is granted. This case concerns a tragic accident involving a scuba diver and an underwater propeller. Although the law requires the Court to enter summary judgment adversely to the decedent scuba diver, the Court conveys its sincere condolences to the family of the decedent.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe*

*of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

## II.    FACTS[1]

The Petitioner in this admiralty limitation of liability case, Brizo, is the owner of a 164-foot yacht. Brizo contracted with a commercial diver company ("Eastern") to clean its hull. In June of 2017, Eastern sent an e-mail to crew on the yacht stating that the hull cleaning would occur sometime around June 26th. The June 26th date was referred to, by Eastern, as "a rough approximation." An exact date and time were never coordinated or communicated to Brizo. Eastern selected a Claimant in this case, Luis Gorgonio-Ixba ("Ixba"),[2] to be the diver to clean the yacht. On June 27th, Ixba arrived to clean the yacht. At the time of Ixba's arrival, all crew members were inside the yacht. Ixba approached the yacht without identifying himself or notifying the crew members on the yacht. Ixba similarly entered the water without notifying anyone of his presence. Ixba did not use a diver flag to mark his presence in the water. Not

---

1 The facts set forth below are undisputed.
2 The Claimant in this case is the estate of Mr. Ixba, however, in the interest of brevity and clarity, the Court simply refers to the Claimant as "Ixba."

2

too long thereafter, a crew member began the process of activating a thruster on the yacht. Before activating the thruster, the crew member looked into the water—he saw no bubbles. The crew member activated the thruster, and the thruster killed Mr. Ixba. Prior to this incident, the customary protocol between Eastern and Brizo was that Eastern's divers would notify crewmembers of their presence before commencing work.[3]

Brizo initiated this action to limit its liability in connection with the accident. Ixba appeared as a potential claimant, having previously filed a negligence lawsuit against Brizo in state court. Brizo filed a third-party complaint against several Defendants including Old Port Cove Association (the marina gatehouse) and Old Port Cove Holdings (the marina), seeking indemnity and contribution. Brizo, the Old Port Cove Association, and Old Port Cove Holdings have each filed Motions for Summary Judgment seeking summary adjudication on their respective liability in connection with the accident.

### III. LEGAL ANALYSIS AND DISCUSSION

The Court first addresses (A) Brizo's Motion for Summary Judgment. The Court then addresses (B) a discovery-based argument raised by Ixba that is common to each of the Motions for Summary Judgment before turning to (C) Old Port Cove Association's Motion for Summary Judgment and (D) Old Port Cove Holdings' Motion for Summary Judgment.

---

3 The Court deems this fact admitted by Ixba for several reasons. First, the fact as proffered by Brizo is properly supported by several citations to record evidence. *E.g.,* DE 130-28 at 13. Second, Ixba's response to this fact does not comply with the Court's Order of Requirements for summary judgment citations: it vaguely references evidence without pincite citations and it does not provide exhibits in a format the Court can readily review. *See* DE 17 at 9-11. Third, as to the two pieces of evidence Ixba does cite with specificity, neither refutes the proposition. Fourth, to the extent the Court can guess that Ixba's intent was for the Court to review his Exhibit D and Q, that evidence does not refute Brizo's proposition—it merely contends that (i) Brizo had no *written* documents memorializing its custom and (ii) Brizo's captain could recall a single incident (out of many cleanings and his entire experience) in which a diver did not notify the crew of his arrival. Neither refutes Brizo's evidence of custom. This fact, however, is not dispositive to the Court's decision.

A. **Brizo's Motion for Summary Judgment**

Brizo argues that it cannot be held liable for Ixba's death for several reasons, however, the bulk of Brizo's argument focuses on two points. First, Brizo argues that the evidence in this case establishes that Brizo cannot be held liable as a matter of law. Second, Brizo argues that it owed no legal duty to Ixba. Each argument is considered in turn.

The Sufficiency of the Evidence

The Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*, provides the *exclusive* remedy in negligence for longshoremen and harbor workers against a vessel. 33 U.S.C. § 905(b). For the Act to apply, a plaintiff must qualify as a "covered worker" engaged in maritime employment as defined in the LHWCA. *See Brockington v. Certified Elec., Inc.*, 903 F.2d 1523, 1527-28 (11th Cir. 1990). Typical activities covered under the LHWCA include ship repair and maintenance, 33 U.S.C. §§ 902(3)-905(b), but it is "beyond question" that a hull-scrubbing scuba diver falls within the ambit of the LHWCA. *Roach v. M/V Aqua Grace*, 857 F.2d 1575, 1579 (11th Cir. 1988) ("It is beyond question that [the scuba-diver party] was an employee . . . within the meaning of the LHWCA."); *Cacaceli v. Martech Int'l, Inc.*, 774 F.2d 1322, 1326 (5th Cir. 1985). For these reasons, Ixba's claim for negligence against Brizo is governed exclusively by federal maritime law.

Deeply ensconced in federal maritime law is the Rule of the *Pennsylvania* (the "Rule"). 86 U.S. 125, 136 (1873). Under the Rule, a party who fails to observe a safety regulation has the burden of showing "not merely that [its] fault might not have been one of the causes [of the loss], or that it probably was not, but that it *could not have been*." *Id.* (emphasis added). Although the Rule originally applied only to collisions between vessels, the Rule was

4

subsequently expanded. *See U.S. v. Nassau Marine Corp.*, 778 F.2d 1111, 1116 (5th Cir. 1985). The Rule applies to a variety of maritime accidents and to parties other than vessels. *Id.; Pennzoil Producing Co. v. Offshore Exp., Inc.*, 943 F.2d 1465, 1472 (5th Cir. 1991); *Pettis v. Bosarge Diving, Inc.*, 751 F. Supp. 2d 1222, 1239-40 (S.D. Ala. 2010); *Lanza v. Schriefer,* No. 09-CV-20834, 2010 WL 2754327, at *4 (S.D. Fla. July 12, 2010). The Rule re-allocates the burden of proof—it places a heavy burden on the party who has violated a statute or regulation intended to protect against the type of injury that occurred. *E.g., MacDonald v. Kahikolu, Ltd.*, 581 F.3d 970, 975 n.7 (9th Cir. 2009). The Supreme Court created the Rule because maritime safety statutes and regulations must be strictly obeyed. *See Pennsylvania*, 86 U.S. at 135-36. In summary, when a party has violated a safety statute or safety regulation, that party must show by *clear and convincing evidence* that the violation "could not have been a proximate cause of the accident." *Cliffs-Neddrill v. M/T Rich Duke*, 947 F.2d 83, 86 (3d Cir. 1991).

Here, there is no dispute of fact that Izba violated two important safety provisions. First, pursuant to Florida Statute section 327.331, "[a]ll divers must prominently display a divers-down flag in the area in which diving occurs." Second, under 29 C.F.R. § 1910.421 (which governs commercial diving operations), "When diving from surfaces other than vessels . . . a rigid replica of the internal code flag "A" . . . shall be displayed at the dive location which allows all-around visibility."

Ixba cites to no evidence and makes no legal argument that his failure to use a dive flag could not have been a proximate cause of the accident. Instead of proffering evidence, Ixba attempts to refute the application of the Rule by arguing that he is exempt from the LHWCA. Ixba argues that the LHWCA does not apply to workers servicing recreational vessels and thus

he does not fall within the ambit of the Act. *See* 20 C.F.R. § 701.302(c)(6). While an exemption for recreational vessels does exist, Ixba omits any discussion of a key part of the exemption. The exemption only applies when the worker or accident at issue is covered by a state worker's compensation law. 33 U.S.C. § 902(3)(F). Ixba's argument also omits case law that confirms the limited scope of the exemption: "If the state law does not cover such workers *for any reason*, they would remain under the coverage of the Longshore Act." *Peru v. Sharpshooter Spectrum*, 493 F.3d 1058, 1067 (9th Cir. 2007). To support the contention that state worker's compensation applies to the accident in this case, Ixba cites to no evidence. In contrast, there is record evidence (cited by Brizo) that worker's compensation does *not* apply. DE 151-39, 151-38. In any event, Florida law **expressly disavows insurance coverage for accidents under the LHWCA**: "Benefits are not payable with respect to the disability or death of any employee covered by the . . . LHWCA." Fla. Stat. § 440.09(2).

For all of the foregoing reasons, the Court concludes that pursuant to the Rule and Ixba's complete lack of evidence to counter the application of the Rule, Brizo is entitled to summary judgment. *E.g., United States v. Sabine Towing & Transp. Co.*, 289 F. Supp. 250, 261 (E.D. La. 1968) (dismissing plaintiff bridge tender's claims where it failed to follow statutory safety rules and failed to meet the burden imposed by the Rule).

The Court's conclusion is buttressed by cases such as *Lanza v. Schriefer*. In *Lanza*, a diver was run over by a defendant's boat. 2010 WL 2754327, at *1 (S.D. Fla. July 12, 2010). In that case, however, the diver *had* set up a diver's flag. *Id.* at *6-7. The issue in *Lanza* was that the parties disputed whether the size and location of the dive flag complied with the diver's statutory requirements and, as a result, the court denied summary judgment. *Id.* at *8. Here, it

6

is undisputed that there was *no* diver flag—there is no jury question over whether Ixba complied with safety regulations and, as a result, there is no jury question over whether the Rule's evidentiary burden-shifting applies in this case. Ixba has no evidence to meet his evidentiary burden. Summary judgment is granted in Brizo's favor.

### Brizo's Duty to Ixba

The United States Supreme Court defined a vessel's duty to contractor harbor workers in *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981).[4] Vessel owners have a general duty to "turnover" a vessel in a safe manner to workers, a duty to exercise reasonable care in the areas of the ship under active control of the vessel, and a duty to intervene. *E.g., Quevedo v. Trans-Pacific Shipping*, 143 F.3d 1255, 1258 (9th Cir. 1998). These duties do not apply in the instant case for two reasons. First, the second and third *Scindia* duties only arise after the first duty (safe turnover) is triggered by a vessel being turned over to workers, but no turnover occurred in this case. *Sinagra v. Atl. Ocean Shipping, Ltd.*, 182 F. Supp. 2d 294, 302 (E.D.N.Y. 2001). Second, the premise of all of the *Scindia* duties is that the vessel crew *knows* that workers are present to work on the vessel. Suppose, for example, a trespasser snuck onto a vessel and began to operate equipment without the crew's knowledge. Nothing in *Scindia* suggests that a duty would be owed to the trespasser. Here, in the instant case, the evidence is arguably even worse. Not only did Ixba fail to notify anyone on the vessel of his presence or work operations, he submerged himself under the water—he became invisible to the crew. Ixba cites to no authority for the proposition that an unknown, unannounced, invisible worker is

---

4 *Scindia* applies to any worker covered by the LHWCA, such as a hull-scrubbing diver. *See Hill v. Texaco, Inc.*, 674 F.2d 447, 450-51 (5th Cir. 1982).

owed a duty by a vessel. Case law supports the opposite proposition—a vessel owes no duty to such a worker. *See Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 101 ("[A vessel] has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions.").[5] By way of example, there was no duty in *Chapman v. Bizet Shipping, S.A.*, 936 F. Supp. 982 (S.D. Ga. 1996), when a stevedore entered a dark cargo hold without notifying the crew that it was dark or that he needed a light. Similarly, the vessel owners in *Casaceli v. Martech International, Inc.*, 774 F.2d 1322 (5th Cir. 1985) had no duty to control a diver's operations, to intervene to protect him from danger, or to ensure that the diver was acting reasonably. For all of the foregoing reasons, in the alternative, the Court concludes that Brizo owed no duty to Ixba and Brizo's Motion for Summary Judgment is granted on this basis.[6]

### B. Ixba's Discovery-Based Argument under Rule 56(d)

The Court addresses one argument that Ixba makes in each of his responses to the pending Motions for Summary Judgment. Ixba requests pursuant to Rule 56(d) that the Court defer its ruling until the completion of discovery in this case.[7] This request is denied for three reasons. First, Ixba's request is not supported by an affidavit as Rule 56(d) requires. Second, there has been adequate time for discovery in this case; contrary to the Court's standard practice, the Court twice continued trial and discovery commenced as early as September 21, 2018.

---

[5] Although cases such as *Howlett* acknowledge that liability could be found if a vessel violates a custom, Ixba cites to no evidence for the proposition that it is the custom for maritime vessels, secured to a dock, to check the water for divers before activating a thruster. Indeed, the record evidence in this case establishes that the general custom (at a minimum) between the parties was the opposite—for divers to inform the crew of their presence.

[6] The Court adopts and accepts without comment all of Brizo's remaining arguments in its Motion for Summary Judgment and Reply. Finally, because the Court finds that Brizo is not liable to Ixba, Brizo is not entitled to indemnity or contribution from the Old Port Cove Third-Party Defendants. The Court views the Third-Party Defendants' Motions with this premise in mind.

[7] Discovery in this case will conclude on January 31, 2020, but implicit in Ixba's request is that he will be given the opportunity to amend his responses to the Motions for Summary Judgment, to which the movants would then be entitled to amended replies.

Third, pursuant to the Court's Order of Requirements, Ixba waived the right to request the Court defer ruling when Ixba agreed to extend the deadline for discovery past the deadline for motions for summary judgment. DE 17 at 5 ("[T]he parties are hereby on notice that if the parties extend the deadline for discovery, the Court will deem the parties to have waived any argument under Rule 56(d) of the Federal Rules of Civil Procedure."); DE 126 (containing Ixba's consent to extend the deadline for discovery).

### C. Old Port Cove Property Owner's (the "Association") Motion for Summary Judgment

The Association's sole involvement with this case is that it controlled access to the marina. The Association's employees therefore permitted Ixba entrance into the marina on the day of the accident. That is all. The Association's Motion for Summary Judgment argues that it owed no duty to Ixba to protect him from the Brizo yacht and that it cannot be found to have proximately caused Ixba any damages; relatedly, by extension, the Association argues that it cannot have any duty to indemnify Brizo in connection with the accident. The Court agrees. The Court is unable to discern how the Association would owe any duty to Ixba because it granted him access, and Ixba has provided no authority or legal argument on this issue. The Court is also unable to discern how a reasonable fact finder could conclude that the Association's actions proximately caused Ixba's death. For proximate cause to exist, the Association would have to somehow have placed Ixba in a zone of foreseeable risk. *See, e.g.*, *Las Olas Holdings Co. v. Demella*, 228 So. 3d 97, 103 (Fla. Dist. Ct. App. 2017).[8] A property

---

8 "Federal courts exercising admiralty jurisdiction may be guided by the extensive body of state law applying proximate causation requirements." *Tonelli v. NCL (Bahamas) LTD.*, No. 17-CV-23313, 2019 WL 935384 (S.D. Fla. Feb. 26, 2019).

owner is under no duty to warn or guard against the harmful acts of a third party unless the third party's harmful behavior is reasonably foreseeable. *Id.* Some accidents are "too unusual or extraordinary to be reasonably foreseeable." *Id.* Just so here. The Association's gatehouse employees had no reason to believe that the day of the accident was different from any other day—that it was any different from any of the other days in which it permitted divers to enter the property to clean boats. The employees similarly had no reason to know that Ixba had not called ahead, would not inform the Brizo yacht of his presence, or would fail to use a diver flag. The record evidence also shows that Brizo never asked in the past for the Association to let it know when a diver or Ixba arrived to service the yacht. For Ixba or Brizo to prevail on a claim against the Association, a reasonable fact finder would have to conclude that the Association somehow proximately caused Ixba's death. *Anderson*, 477 U.S. at 248. For the reasons set forth above, any such finding would be unreasonable. *See St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1041 (Fla. Dist. Ct. App. 2004) (holding that a landowner is not an insurer of a business invitee's safety).

In response, Ixba cites to no evidence that could render a verdict against the Association reasonable on proximate cause, nor does Ixba make any legal argument that the Association somehow owed a duty of care to Ixba. Instead Ixba argues, for the first time, that Brizo's third-party complaint was procedurally improper and never should have been filed because Ixba's own claims were never filed in admiralty. Because the third-party complaint was improperly filed, Ixba argues, the third-party defendants (such as the Association) cannot file motions for summary judgment.

Ixba's argument comes as a surprise to this Court, since the Court permitted the third-party complaint **based upon Ixba's consent to the same**. The time for Ixba to argue the third-party complaint was improper (or to argue his own claims were not filed in admiralty) was when Brizo asked for permission to file the third-party complaint.[9] Instead, Ixba consented to the complaint and allowed costly litigation and discovery to proceed for over a year.

But Ixba admitted that Brizo's claims were properly filed under the Court's admiralty jurisdiction: 28 U.S.C. § 1333. DE 9. Ixba admitted that venue was proper in this Court pursuant to Admiralty Supplement Rule F. *Id.* Ixba captioned his own claims as being "In Admiralty." *See Concordia Co. v. Panek*, 115 F.3d 67, 82 (1st Cir. 1997) (noting that a plaintiff who utilizes an "in admiralty" caption and who does not demand a trial by jury [as in the instant case] elects to proceed under the court's admiralty jurisdiction). Consistent with bringing his own claims in admiralty, Ixba never demanded a trial by jury. *See id.* Based upon the foregoing, the Court concludes that Ixba has waived any argument that his claims were never intended to be brought in admiralty.

In the alternative, Ixba is judicially estopped from arguing the same. The doctrine of judicial estoppel applies when "a party assumes a certain position in a legal proceeding, and then succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The purpose of judicial estoppel is to prevent a party from using an argument

---

9 Ixba relies upon *In re Marmac LLC v. Reed*, 232 FRD 409 (M.D. Fla. 2005) for authority, but in that case the relevant party **objected** to the third-party complaint by filing a motion to dismiss.

in one phase of a case and then relying upon a contradictory argument to prevail in another phase. *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). Here, all of the elements for judicial estoppel apply. Ixba assumed a legal position—he consented to the filing of a third-party complaint in admiralty, and in doing so he gave the impression to the parties and to the Court that his somewhat vaguely-drafted claim, captioned as "in admiralty," was intended to have been brought under Rule 9(h) or under 28 U.S.C. § 1333. He succeeded in that position—the Court permitted the complaint, the complaint was served, and discovery commenced. He then assumed a contrary position that now benefits him—arguing that the complaint was improper. Ixba's new position greatly prejudices the third-party defendants and Brizo—the parties have engaged in costly, protracted litigation for over a year pursuant to Ixba's own agreement and consent. For all of the foregoing reasons, Ixba may not now argue that the third-party complaint was improper. As a result, Ixba has argued no basis—legal or factual—for this Court to deny the Association's Motion for Summary Judgment. The Motion is granted in its entirely for each reason specified in the Motion and in the Reply.

**D. Old Portion Cove Holdings, Inc. ("OPC") Motion for Summary Judgment**

OPC's Motion for Summary Judgment argues that it had no relationship with Ixba or this case whatsoever—it did not control access to the marina, the Association did. While OPC owned and operated the marina itself, OPC persuasively argues that there are no facts in this case to establish that it proximately caused any damages to Ixba.

In response, Ixba makes three arguments. First, he requests that a ruling be deferred until the close of discovery, but the Court has already rejected that argument. Second, he argues that the third-party complaint was improperly filed, but the Court has rejected that argument as

12

well. Third and finally, Ixba argues the general legal proposition that a landowner owes a duty to invitees, but Ixba provides no factual basis and no evidentiary citations on which this Court could infer that OPC proximately caused an injury to Ixba. For the same reasons no reasonable fact finder could conclude that the Association proximately caused Ixba's injury, no reasonable fact finder could conclude that OPC proximately caused Ixba's injury. *See Cowart*, 891 So. 2d at 1041 (holding that a landowner is not an insurer of a business invitee's safety). The Motion is granted in its entirely for each reason specified in the Motion and in the Reply.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that each pending Motion for Summary Judgment [DE 128, 140, and 144] is **GRANTED**. The Motions in limine at docket entries 127 and 143 are **DENIED AS MOOT**. The parties are **ORDERED** to file a notice informing the Court of any remaining issues in this case within three business days of the date of rendition of this Order. The parties shall also inform the Court whether this case may be removed from the Court's trial calendar.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of January, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record