UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CIV-80855-RLR/BER

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF BRIZO, LLC, AS
OWNER OF THE M/V HONEY, 2007 163
FOOT TWIN ENGINE YACHT (ON 739735),
IN A CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY,

                PETITIONER.
_____/

## REPORT AND RECOMMENDATION ON MOTIONS FOR BILL OF COSTS
### (ECF NOS. 192, 193, 201)

This matter is before the Court on Petitioner Brizo, LLC's ("Brizo") Motion for Bill of Costs (ECF No. 192), Claimant/Third-Party Defendant Old Port Cove Property Owner's Association, Inc.'s (the "Association") Motion for Bill of Costs (ECF No. 193), and Brizo's Motion for Bill of Costs related to the appeal (ECF No. 201). Judge Rosenberg ordered that responses to the three motions be filed by December 15, 2021, and referred the motions to me for appropriate disposition. ECF Nos. 203, 204. The matter is now ripe for review. For the reasons stated below, the motions at ECF Nos. 192, 193, and 201 should be GRANTED.

On June 28, 2018, Petitioner filed its complaint for Exoneration from or Limitation of Liability. ECF No. 1. By Order dated January 31, 2020, the District

Court granted Motions for Summary Judgment in favor of Brizo, the Association, and another Claimant/Third-Party Defendant Old Port Cove Holdings, LLC ("OPCH"). ECF No. 183. The Court entered Final Judgment on February 27, 2020, in favor of Brizo, the Association, and OPCH. ECF No. 186. Brizo and the Association timely filed their respective Motions for Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d). On December 15, 2021, Claimants Urieli Ramirez Carbajal and Rosalia Gorgonio Ixba, as Personal Representatives of the Estate of Luis A Gorgonio Ixba, filed a Notice of No Objection to the three motions. ECF No. 205.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, the Court entered judgment in Plaintiff's favor; therefore, Plaintiff is the prevailing party entitled to costs. *See Eugene v. 3Don & Partner Estate Grp.*, LLC, No. 07-80439-CIV, 2009 WL 996016, at *12 (S.D. Fla. Apr. 14, 2009) (where plaintiff received a judgment in her favor, court found she was prevailing party entitled to costs).

"[Title 28, United States Code,] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442–42 (1987). This statute provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Claimants have not lodged any objections to the amount of costs sought, insofar as they are taxable under § 1920, the Court has an independent obligation to ensure that the costs awarded are proper. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (J. Rosenberg) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute.").

*Brizo's Bill of Costs*

Brizo submitted itemized invoices and receipts for all of its claimed costs. It seeks a total of $17,724.74. ECF Nos. 192 and 201. These costs comprise fees of the Clerk ($400), fees for service of summonses and subpoenas ($516), fees for printed or electronically recorded transcripts ($13,664.23), witness fees ($2,739.79), copying fees ($144.72), and costs association with the appeal ($260). *Id*. With the exception of some

of the transcript fees, these fees are substantiated by the record, and therefore are recoverable.

Printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at 1* (S.D. Fla. July 31, 2017) (J. Bloom) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000)). However, extra fees for items such as the costs of shipping and handling, litigation packages, and expedited and/or condensed transcripts "when incurred solely for the convenience of counsel, are not reimbursable." *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) (J. Cohn) (quoting *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (J. Rosenbaum)). While the Court accepts that the deposition transcripts were necessarily obtained for use in the case, Brizo seeks reimbursement for $457.09 in "expedited" transcript fees, shipping and handling fees, and litigation packet fees. ECF No. 192 at 10, 13–15, 18, 20–23, 36, and 42–43. Brizo has not offered an explanation as to why these optional charges were necessary rather than merely convenient. I will therefore exclude $457.09 from its calculation.

Brizo seeks $260 for costs as shown on "mandate of Court of Appeals." ECF No. 201. Those fees are for service of appendix ($30), filing of appendix ($100), service of appellee's brief ($30), and filing of appellee's brief ($100). *Id*. The costs of producing necessary copies of the brief or appendix are properly taxable by the District Court. See Fed. R. App. P. 39(c), (e)(1). *See also Robinson v. Kimbrough*, 652 F.2d 458, 463

n. 7 (5th Cir. 1981). Therefore, the $260 Brizo seeks in appellate fees is recoverable from Claimants.

All other requested costs should be taxed. It is therefore RECOMMENDED that costs be taxed in the amount of $3359.56 jointly and severally against Claimants, with interest to run from February 27, 2020. See 28 U.S.C. § 1961.

*The Association's Bill of Costs*

The Association also submitted itemized invoices and receipts for all of its claimed costs. It seeks a total of $26,628.05. ECF No. 193-1 at 1. These costs comprise fees for service of summonses and subpoenas ($235), fees for printed or electronically recorded transcripts ($19,222.73), printing fees ($86.72), and compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ($7,083.60). *Id*. These fees are substantiated by the record, and therefore recoverable.

The $19,222.73 in transcript fees excludes costs for shipping and handling of transcripts. ECF No. 193 at 4. As stated above and given the explanation of the twenty-eight depositions that were taken in this case, the Court accepts that the deposition transcripts were necessarily obtained for use in the case. Of the $19,222.73 in transcript fees, $645 are costs associated with using a videographer for the deposition of Brizo's corporate representative. ECF No. 193 at 5. These expenses are supported by invoices and were not objected to by any of the parties. ECF Nos. 193 at 6; 193-1 at 29. I find that these costs and justification for them are reasonable and should be awarded to the Association. *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 14-22739-CIV, 2016 WL 11704794, at *4 (S.D. Fla. Nov. 23, 2016)

5

(J. Torres), *report and recommendation adopted*, 2017 WL 11564074 (S.D. Fla. Jan. 17, 2017). The costs for videography will be taxed.

The Association also seeks $500.85 in expedited transcript fees for two depositions. Extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum) (finding expedited and condensed transcripts, CD-ROMs, and expedited shipping not recoverable where claimant was unable to prove necessity, rather than mere convenience). The Association states that the first expedited deposition transcript (for Ms. Carr, the Association's corporate representative) was necessarily expedited because her deposition was taken while the parties were briefing their summary judgment motions and her "testimony was necessary as the Association was preparing reply brief [and] . . . it was necessary for the Association to have an accurate copy of its corporate representative's testimony when defending the parties' responses to the summary judgment motion." ECF No. 193 at 6. The second expedited deposition transcript costs are for Mr. Morgan, the corporate representative for OPCH. *Id*. The Association states that Mr. Morgan's deposition was taken "just a few weeks before the parties' expert disclosures were due" and "[t]he Association retained a marina operations expert to speak to the procedures in place at the marina during the accident." *Id*. the Association states that it needed the expedited transcript because Mr. Morgan's deposition spoke to issues related to the

Association's expert so a copy of Mr. Morgan's deposition transcript was necessary for their expert to review in order to prepare his expert report. *Id*.

I find both explanations for expedited transcript fees adequately explain why the expedited fee was necessary. Most importantly, both of these depositions were taken within thirty days of a court-ordered deadline. *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (J. Goodman) (awarding costs for expedited transcript fees when the deposition was taken within thirty days of the dispositive motions deadline). Thus, the expedited transcript costs should be recoverable.

The Association also seeks $10,083.60 compensation for interpreters ($7,083.60) and court reporters ($3,000) that were used during the depositions of the five "survivors" in this case who only speak Spanish. ECF No. 193 at 7. Because two of the survivors were Mexican citizens without passports nor means to travel for the depositions, per agreement with the Estate, the Association fronted the cost of the interpreter and court reporter traveling to Mexico for the depositions. Interpreter and deposition court reporter fees are recoverable under § 1920 and I find it reasonable, given the specific circumstances of this case and the agreement reached by the parties, that the depositions took place in Mexico. I find that this cost should be taxable in full.

The remainder of the costs which Plaintiff summarizes in its memorandum, Motion, including the costs associated with service of process of subpoenas and printing fees, are properly taxable. It is therefore RECOMMENDED that costs be

taxed in the amount of $26,628.05 jointly and severally against Claimants, with interest to run from February 27, 2020. See 28 U.S.C. § 1961.

## RECOMMENDATION

In conclusion, I **RECOMMEND** as follows:

1. That Petitioner Brizo's Motion for Bill of Costs (ECF No. 192) be **GRANTED IN PART AND DENIED IN PART** in that Petitioner recover costs in the amount of $3,099.56, with interest to run from February 27, 2020.

2. That Petitioner Brizo's Motion for Bill of Costs (ECF No. 201) be **GRANTED** in that Petitioner recover costs in the total amount of $260.00, with interest to run from February 27, 2020.

3. That Claimant/Third-Party Defendant the Association's Motion for Bill of Costs (ECF No. 193) be **GRANTED** in that Claimant/Third-Party Defendant recover costs in the amount of $26,628.05, with interest to run from February 27, 2020.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being

served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**If counsel does not intend to file objections, counsel shall file a notice to that effect within FIVE DAYS of this report and recommendation.**

**DONE AND SUBMITTED** in Chambers this 14th day of January, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge